**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SCOTT A. NORRICK**
Anderson, Indiana

ATTORNEY FOR APPELLEE:

**JASON A. CHILDERS**
Hulse Lacey Hardacre Austin
 Sims & Childers, P.C.
Anderson, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| R.W., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 48A04-1106-MI-331 |
| | ) | |
| M.R., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable G. George Pancol, Judge
Cause No. 48D02-1010-MI-849

February 7, 2012

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

R.W. ("Mother") appeals the trial court's order on clarification, granting M.R. ("Grandmother") visitation with Mother's minor children. Mother presents three issues for review, which we consolidate and restate as whether the trial court erred when it granted grandparent visitation.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On October 6, 2010, Grandmother filed a verified petition for emergency custody of her son's children, A.R. and J.R. ("the children").[1] Grandmother alleged that Mother had abused the children and that the children were afraid of Mother. On November 3, the trial court conducted a hearing on the petition. At the conclusion of the hearing the trial court denied Grandmother's petition but ordered that Mother "continue to allow the Paternal Grandmother contact with the children on her weekend off work."[2] Appellant's App. at 25. The contact provision was based on the testimony that Mother's practice had been to allow Grandmother to keep the children every other weekend while Mother was at work.

On December 2, Mother filed a motion to correct error, which was deemed denied forty-five days later. On February 4, 2011, Grandmother filed a motion to enforce visitation, and on March 4 she filed a motion to clarify. The trial court denied the motion

---

[1] The children's father, J.R.III, did not file and appearance and is not listed on the caption of this appeal.

[2] Grandmother is not employed. The trial court later clarified that the visitation was to occur on the weekends that Mother is working.

2

to clarify by written notation on the motion. But on May 23, the court held a hearing on the motion to enforce visitation. The trial court then entered the following order:

> The Court finds that the parties have agreed that the grandparents [Grandmother and her husband ("Grandfather")] will have reasonable phone contact with the children on their birthdays and Christmas Eve. On the issue of weekends the Court does clarify the Order to show that the grandparents are to have visitation every other weekend coinciding with the Mother's weekend to work. The visitation will commence prior to the Mother starting work on Friday evening and continue until 5:00 p.m. on Sunday. The Court does find that this is not to be an addition to any of the Father's visitation with the children. If the Father starts visiting with the children on every other weekend the [Grandmother and Grandfather] will be required to visit with the children on the Father's visitation with the children during those visits.

Id. at 7. On June 21, Mother filed her notice of appeal the May 23 order.

## DISCUSSION AND DECISION

Mother contends that the trial court erred when it awarded grandparent visitation to grandmother in the May 23 order.[3] In particular, Mother argues that the trial court erred when it awarded grandparent visitation and, alternatively, that by following the Parenting Time Guidelines the visitation awarded constitutes an abuse of discretion. We find the first issue to be dispositive.

"[A] child's best interest is often served by developing and maintaining contact with his or her grandparents." Swartz v. Swartz, 720 N.E.2d 1219, 1221 (Ind. Ct. App. 1999). But our supreme court has held that the only method for obtaining grandparent

---

[3] Grandmother also contends that Mother's notice of appeal was not timely filed because Mother is essentially appealing the order dated November 3 that directs Mother to allow alternate weekend visitation with Grandmother. While Mother's notice of appeal lists both the November 3, 2010, order and the May 23, 2011, order as the final judgments she is appealing, Mother's brief makes clear that she is appealing the May 23 order, which set the exact times for visitation to occur. Mother's notice of appeal was timely filed within thirty days of the May 23 order. Thus, Grandmother's argument that Mother's appeal is "forfeited" is without merit. Appellee's Brief at 3.

visitation rights is through a proceeding under the Grandparent Visitation Act. J.I. v. J.H. (In re K.I.), 903 N.E.2d 453 (Ind. 2009). There, the trial court had transferred custody from the grandparents to the child's father but had simultaneously granted visitation rights to the grandparents. Our supreme court held that was error:

> Under the Act, a grandparent may seek visitation only if (1) the child's parent is deceased; (2) the child's parents are divorced; or (3) the child was born out of wedlock, but only if the child's father has established paternity. I.C. § 31-17-5-1. And the trial court may grant visitation if it determines that "visitation rights are in the best interests of the child." I.C. § 31-17-5-2. When a trial court enters a decree granting or denying grandparent visitation, it is required to set forth findings of fact and conclusions of law. McCune v. Frey, 783 N.E.2d 752, 757 (Ind. Ct. App. 2003). In those findings and conclusions, the trial court must address: (1) the presumption that a fit parent acts in his or her child's best interests; (2) the special weight that must be given to a fit parent's decision to deny or limit visitation; (3) whether the grandparent has established that visitation is in the child's best interests; and (4) whether the parent has denied visitation or has simply limited visitation. In re Guardianship of J.E.M., 870 N.E.2d 517, 520 (Ind. Ct. App. 2007); In re Paternity of P.E.M., 818 N.E.2d 32, 37 (Ind. Ct. App. 2004). We also observe that although the amount of visitation is left to the sound discretion of the trial court, "[t]he Grandparent Visitation Act contemplates only 'occasional, temporary visitation' that does not substantially infringe on a parent's fundamental right 'to control the upbringing, education, and religious training of their children.' " Hoeing v. Williams, 880 N.E.2d 1217, 1221 (Ind. Ct. App. 2008) (quoting Swartz [v. Swartz, 720 N.E.2d 1219. 1221 (Ind. Ct. App. 1999)]).

In re K.I., 903 N.E.2d at 462. The supreme court then remanded the case "with instructions to enter appropriate findings and conclusions consistent with this opinion and the Grandparent Visitation Act." Id. at 462-63.

Here, Grandmother filed a motion for emergency custody of the children. At the conclusion of a hearing on the motion, the trial court denied Grandmother's request for custody but ordered that Mother "continue to allow the Paternal Grandmother contact with the children on her weekend off work." Appellant's App. at 25. Just as in In re K.I.,

4

the proceeding here was one for custody, a request for visitation had not been made under the Grandparent Visitation Act, the record does not show that the trial court considered the required factors under the Act, and the trial court did not make findings of fact. Thus, we conclude that the trial court erred when it awarded grandparent visitation in this case. See id. As such, we reverse the visitation order and remand with instructions to enter appropriate findings and conclusions consistent with this opinion and the Grandparent Visitation Act. See id.

Because we are remanding the case, we also consider Mother's remaining contention regarding the extent of visitation, which is likely to recur on remand. Specifically, she argues that the trial court erred when it ordered visitation consistent with the Parenting Time Guidelines. She also asserts that the visitation order "substantially infringes on [her] right to control the upbringing and training of her children." Appellant's Brief at 6. Again, we agree.

In In re K.I. the supreme court also considered the extent of grandparent visitation:

It is true that the Guidelines acknowledge a child's basic need "[t]o develop and maintain meaningful relationships with other significant adults (grandparents, stepparents and other relatives) as long as these relationships do not interfere with or replace the child's primary relationship with the parents." Ind. Parenting Time Guidelines, A Child's Basic Needs (8). However, as the Court of Appeals has observed, "[t]he guideline's title— Indiana Parenting Time Guidelines—indicates that they apply to parents, not other family members. More to the point: 'The Indiana Parenting Time Guidelines are based on the premise that it is usually in a child's best interest to have frequent, meaningful and continuing contact with each parent.' Given this specificity and the repeated references to 'parents' throughout the guidelines, we suggest they have no mandatory application to grandparent visitation disputes."

5

Id. at 461 (some citations omitted, some alterations in original).  For those reasons, the court held that the grandmother was "not entitled to visitation pursuant to the Indiana Parenting Time Guidelines.  Id. at 461.

Although the supreme court held that the Parenting Time Guidelines have no "mandatory" application in grandparent visitation cases, the facts as developed in In re K.I. do not show in that case that the trial court felt compelled by law to award grandparent visitation under the Guidelines or that visitation pursuant to the Guidelines was requested.  In any event, this court has also considered the propriety of grandparent visitation according to the Parenting Time Guidelines in In re Guardianship of A.L.C., 902 N.E.2d 343, 358 (Ind. Ct. App. 2009).  There, noting that the Act contemplates only "occasional, temporary visitation," we concluded that "an award of grandparent visitation to the [same] extent allowed a noncustodial parent under the Parenting Time Guidelines is an abuse of discretion."  In re Guardianship of A.L.C., 902 N.E.2d 343, 358 (Ind. Ct. App. 2009) (citing Hoeing v. Williams, 880 N.E.2d 1217, 1222 (Ind. Ct. App. 2008)).

Here, Mother takes issue only with the trial court's order for visitation every other weekend.[4]  The trial court ordered visitation with two overnights every other weekend.  But, again, grandparent visitation that is nearly coextensive with the Parenting Time Guidelines, as here, constitutes an abuse of discretion.  See In re K.I., 903 N.E.2d at 461; In re Guardianship of A.L.C., 902 N.E.2d at 358.  Thus, the trial court abused its discretion when it awarded visitation every other weekend from Friday evening to Sunday evening.

---

[4]  The transcript shows that Mother agreed to let Grandmother have reasonable phone access and to see the children on birthdays and Christmas Eve.  Thus, those parts of the visitation order are not before us, although they may be considered on remand when determining the appropriate visitation order.

In sum, we reverse the trial court's order and remand with instructions for the court to reconsider the question of M.R.'s visitation in accordance with the Grandparent Visitation Act and with this opinion and then to make findings of fact and conclusions thereon to support its determination.

Reversed and remanded with instructions.

ROBB, C.J., and VAIDIK, J., concur.